[Cite as *State v. Kerns*, 2018-Ohio-3838.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  8-18-05

    v.

KODY A.M. KERNS,                 O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR17-08-0272

**Judgment Affirmed**

Date of Decision:   September 24, 2018

APPEARANCES:

    *Eric J. Allen* **for Appellant**

    *Holly N. Looser* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Kody Kerns ("Kerns"), appeals the February 1, 2018 judgment entry of the Logan County Common Pleas Court sentencing him to eighteen months in prison, in addition to twelve months in Logan County Jail. On appeal, Kerns argues that the trial court erred when it considered his juvenile record in determining his sentence. For the reasons set forth below, we affirm the judgment of the trial court.

*Facts and Procedural History*

{¶2} On August 8, 2017, Kerns was indicted on four criminal charges in Logan County: Count One, Aggravated Burglary, in violation of R.C. 2911.11(A)(1), 2911.11(B), a felony of the first degree; Count Two, Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; Count Three, Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and Count Four, Criminal Damaging or Endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. (Doc. 2).

{¶3} At his arraignment on August 11, 2017, Kerns entered a plea of not guilty to all charges. (Doc. 11). However, on November 28, 2017, Kerns withdrew his not guilty pleas at a change of plea hearing in the trial court. At that hearing, Kerns acknowledged executing a Petition to Enter a Plea of Guilty or No Contest, which was admitted into evidence (Exhibit A), and entered pleas of guilty to:

amended Count One, Trespass in a Habitation, in violation of R.C. 2911.12(B), a felony of the fourth degree; Count Two, Assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and Count Three, Assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree. (Doc. 28). After Kerns pled to those 3 counts, the State moved to dismiss Count Four. The trial court accepted Kerns' guilty pleas, ordered a Pre-Sentence Investigation and continued the matter for sentencing. (*Id.*).

{¶4} A sentencing hearing was held in the trial court on January 23, 2018, wherein Kerns was sentenced to eighteen months in prison on Count One and six months in jail (each) on Counts Two and Three. The trial court ordered the terms to be served consecutively, for an aggregate sentence of 30 months of incarceration. (Doc. 35).

{¶5} Kerns timely filed a notice of appeal, raising the following assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY USING KERNS' JUVENILE RECORD TO LENGTHEN HIS PRISON SENTENCE.**

{¶6} In his sole assignment of error, Kerns argues that the trial court erred by imposing the maximum sentence on his Trespass in a Habitation conviction. Specifically, Kerns contends that the trial court considered his juvenile record when handing down his sentence.

*Standard of Review*

{¶7} A sentence imposed by a trial court will not be disturbed absent a showing by clear and convincing evidence that the sentence is unsupported by the record; the procedure of the sentencing statutes was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ward*, 3d Dist. Crawford No. 3-17-02, 2017-Ohio-8518.

*Analysis*

{¶8} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' " *State v. Castle*, 2nd Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶26, quoting *State v. King*, 2nd Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38.

{¶9} R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender". R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the

offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A) through (D). In addition, a trial court may consider any other factors that are relevant in achieving the purposes and principles of sentencing. R.C. 2929.12(E). *State v. Alselami*, 3d Dist. Hancock No. 5-11-31, 2012-Ohio-987, ¶22.

{¶10} Furthermore, R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if it clearly and convincingly finds that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶7.

{¶11} In the case *sub judice*, in addition to two Assault charges, Kerns was convicted of Trespass in a Habitation, a felony of the fourth degree. R.C. 2929.14(A)(4) provides "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months". Thus, the trial court's sentence (of 18 months) in Count One was within the statutory range for a felony of the fourth degree. However, Kerns argues that the trial court's maximum sentence is clearly contrary to law because the trial court "used his juvenile record as a heavy influence on Kerns' sentence" and "relied primarily on Kerns' adjudications as a minor". (Appellant's Brief at 3).

{¶12} In his argument, Kerns contends that the trial court's consideration of his juvenile adjudications was improper because it was used as evidence to lengthen his sentence. We find Kerns' argument to be misplaced.

{¶13} "Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one." *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, ¶38. Accordingly, the Ohio Supreme Court has held that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of *enhancing a penalty* for a later crime." (Emphasis added.) (*Id.* at ¶1).

{¶14} However, R.C. 2929.12(D) and (E) provide that a sentencing court *shall consider* whether an offender had been adjudicated a delinquent child in determining whether the offender is likely to commit future crimes. (Emphasis added.) Thus, the trial court's consideration of Kerns' juvenile adjudications at sentencing was not improper.[1]

{¶15} Here, the trial court's sentence for Kerns' fourth degree felony Trespass in a Habitation conviction is within the permissible statutory range under R.C. 2929.14(A)(4). The trial court's sentencing entry provides, in its relevant part, as follows: "the Court FINDS that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11". (Doc. 35). Moreover, the trial court

---

[1] Kerns' reliance upon *State v. Carnes*, Slip Opinion No. 2018-Ohio-03256, is misplaced since there is no evidence in the record, whatsoever, that any of his juvenile adjudications were uncounseled.

found in its entry that consecutive sentences were "necessary to protect the public from future crime and/or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public". (*Id*.) Additionally, the trial court found that "[t]he offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, * * *, or was under post-release control for a prior offense". (*Id*.)

{¶16} In his argument, Kerns avers that it was obvious that the trial court heavily considered his juvenile record when it made the following statement:

> **"The report suggests that the defendant is not amenable to any available community control sanctions owing to his multiple juvenile adjudications * * *".** (Jan. 28, 2018 Tr. Pg. 11).

{¶17} In our review of the record, we find this argument is misplaced. We find the transcript contains sufficient evidence supporting the trial court's sentence. Specifically, at the sentencing hearing, in reviewing Kerns' PSI, the trial court stated:

> **"He had just been released from prison not - - apparently just a week prior to this event * * *".** (Jan. 28, 2018 Tr. Pg. 6-7);

> **"As an adult, moving into age 19 now, theft of drugs in Champaign County for which he went to West Central Community Based Correctional Facility. That involved two years of community control and he was released on electric monitoring to await entrance into a CBCF. He had a probation violation and was sent to ODRC. That - those - - that involved theft of Percocet.**

**In 2013, unauthorized use of a motor vehicle in Champaign County. Within five months of that, vandalism. This was a felony of the of the fifth degree now for which he received ten months in ODRC. He was originally placed on house arrest and outfitted with an ankle monitor to await his placement at the West Central facility, but while waiting for his bed date he cut the ankle monitor off and went whereabouts unknown, fled the State of Ohio and went to Florida, and even while he was awaiting sentence when he came back to Ohio he incurred a further felony offense in Clermont County, which was the theft of another motor vehicle, which he got one year in ODRC.** (*Id*. at 8-9); and

**He ORAS score of this particular defendant is 36, considered to be very high. Which is - - this is the highest score I've ever seen, quite frankly."** (*Id*. at 11).

{¶18} Based on the foregoing, we find the trial court considered multiple statutory factors as set forth in R.C. 2929. As such, Kerns has failed to demonstrate that the maximum sentence on his Trespass in a Habitation conviction, imposed by the trial court, was clearly and convincingly contrary to law.

{¶19} Therefore, because we find the trial court considered Kerns' adult criminal record, sufficient statutory sentencing factors, and that the sentence was within the statutory range, we cannot find that the trial court erred in its sentencing of Kerns. Accordingly, Kerns' argument is not well-taken and his sole assignment of error is overruled.

{¶20} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Logan County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**