[Cite as *State v. Freeman*, 2019-Ohio-669.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 14-18-16

      v.

RICHARD B. FREEMAN,                O P I N I O N

      DEFENDANT-APPELLANT.

---

Appeal from Union County Common Pleas Court
Trial Court No. 17CR0184

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: February 25, 2019

---

APPEARANCES:

    *Perry R. Parsons* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Richard B. Freeman ("Freeman"), brings this appeal from the August 21, 2018, judgment of the Union County Common Pleas Court sentencing Freeman to eighteen months in prison after he was convicted in a jury trial of Receiving Stolen Property in violation of R.C. 2913.51(A)/(C), a felony of the fourth degree.  On appeal, Freeman argues that the trial court erred by imposing a maximum prison term on him, and that the trial court erred by failing to give him jail-time credit in this matter.

*Relevant Facts and Procedural History*

{¶2} On September 6, 2017, Freeman was indicted for Receiving Stolen Property in violation of R.C. 2913.51(A)/(C), a felony of the fourth degree.  It was alleged that he received, retained or disposed of a 2013 Honda Civic, the property of Germain Honda of Dublin ("Germain"), knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense. Freeman pled not guilty to the charge and his case proceeded to a jury trial on August 20-21, 2018.

{¶3} At trial, the State presented evidence that James Ferguson turned in his leased 2013 Honda Civic to Germain in Dublin, Ohio, on July 14, 2017.  The vehicle was received and was placed in one of Germain's lots, which spanned multiple properties and over ten acres.  There were hundreds of preowned vehicles in

Germain's lots. Germain officially purchased the 2013 Honda Civic at issue on July 17, 2017.

{¶4} On July 18, 2017, Deputy Phipps of the Union County Sheriff's Department conducted a traffic stop involving Freeman, who was driving the same 2013 Honda Civic that had been turned into Germain days prior. The traffic stop occurred between 1 and 2 a.m.

{¶5} During the traffic stop, Freeman made a number of false statements regarding whether he had a license and his social security number, making it difficult for Deputy Phipps to initially identify him. Once Deputy Phipps finally identified Freeman, he learned that Freeman did not have a license. The 2013 Honda Civic was also not registered to Freeman. Freeman told Deputy Phipps that he was borrowing it from a friend with the name "Miller," though he could not provide "Miller's" contact information or a location that Deputy Phipps could contact "Miller."

{¶6} Later that same day, Tim Gould, a pre-owned sales manager at Germain was contacted by an officer who indicated that one of Germain's vehicles, the 2013 Honda Civic, had been found being driven by Freeman. Gould testified that he then checked and found that the 2013 Honda Civic was not on the lot as it was supposed to be, and then he reported that it had been stolen. He indicated that at no time was Freeman given permission to take the vehicle.

{¶7} Freeman spoke with the police on two subsequent occasions and still could not provide the contact information of any individual who had purportedly loaned him the vehicle.

{¶8} The jury found Freeman guilty of Receiving Stolen Property as indicted. His case then proceeded to sentencing, wherein the trial court noted that Freeman had a criminal history dating back to 1969, with as many as fifteen felonies. The convictions included a number of prior Receiving Stolen Property charges. Based on his criminal history, the trial court sentenced Freeman to a maximum eighteen month prison term.

{¶9} A judgment entry memorializing Freeman's sentence was filed August 21, 2018.[1] It is from this judgment that Freeman appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it imposed a maximum sentence upon the Appellant for a felony of the fourth degree.**

**Assignment of Error No. 2**
**The trial court erred when it failed to give the Appellant credit for jail time.**

*First Assignment of Error*

{¶10} In Freeman's first assignment of error, he argues that the trial court erred by imposing a maximum sentence on him. Specifically, he argues that the

---

[1] This judgment entry was subsequently modified by an entry the following day, notifying Freeman of his right to appeal.

trial court only found one of the factors under R.C. 2929.12(B) indicating that Freeman's conduct was more serious than conduct normally constituting the offense, and that was not sufficient to support a maximum prison term. Freeman argues that community control was a more appropriate sanction than a maximum prison term.

## Standard of Review

{¶11} Revised Code 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if it clearly and convincingly finds that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 10, citing *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

## Analysis

{¶12} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[].' " *State v. Castle*, 2nd Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2nd Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies

that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶13} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender and to promote the effective rehabilitation of the offenders[.]" R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(F).

{¶14} In the case *sub judice*, Freeman was convicted of Receiving Stolen Property in violation of R.C. 2913.51(A)/(C), a felony of the fourth degree. Revised Code 2929.14(A)(4) provides, "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months[.]" Thus, the trial court's sentence of eighteen months was within the statutory range for a felony of the fourth degree. However, Freeman argues that the record does not support a maximum sentence in this matter.

{¶15} More specifically, Freeman argues that the trial court's sentencing entry had a checklist for all of the sentencing factors in R.C. 2929.12 regarding

seriousness of the offense, and only one subsection was checked indicating that the offense was more serious than conduct normally constituting the offense. While a review of the trial court's entry indicates this is true *for that section*, Freeman ignores that the trial court "checked" several factors under R.C. 2929.12(D) indicating that Freeman was likely to commit future crimes, and the trial court found that there were no factors under R.C. 2929.12(E) indicating that Freeman was not likely to commit future crimes. Moreover, the trial court expressed clear concern with Freeman's *significant* criminal history.

{¶16} Since 1969, Freeman had been convicted of at least fifteen felonies, eleven of them since 1985. His prior convictions included similar offenses to the one before us, such as an Auto Theft in 2007, a Burglary, and multiple Receiving Stolen Property convictions. After reviewing Freeman's criminal history, the trial court stated that "Given your prior record, * * * a maximum sentence is warranted in this case." (Tr. at 17).

{¶17} On appeal, we cannot find that the trial court's sentence was clearly and convincingly contrary to law. The trial court carefully analyzed all of the appropriate sentencing statutes and conducted a thorough examination of Freeman's lengthy criminal history. After reviewing all of these things, the trial court elected to impose a maximum eighteen month prison term on Freeman. The trial court's

sentence was thus supported by the record. Therefore, Freeman's first assignment of error is overruled.

*Second Assignment of Error*

**{¶18}** In Freeman's second assignment of error, he argues that the trial court erred by neglecting to give him jail-time credit in this matter. The State actually concedes in its brief that the trial court failed to properly give Freeman jail-time credit, and urges this Court to remand this matter so that Freeman may receive proper credit.

**{¶19}** From the record before us, it does appear that Freeman would be entitled to jail-time credit. While denying a pretrial motion to dismiss on speedy trial grounds that Freeman had filed, the trial court noted in its entry that the parties were in agreement that Freeman was incarcerated for 64 days awaiting trial on the charges in this case. Freeman argues on appeal that the trial court failed to give him credit for these days at sentencing, and the State agrees.

**{¶20}** On the basis of the record before us we are compelled to reverse this matter so that Freeman may receive appropriate jail-time credit. Therefore, Freeman's second assignment of error is sustained.

*Conclusion*

**{¶21}** For the foregoing reasons the judgment of the Union County Common Pleas Court is affirmed in part, and reversed in part, and this cause is remanded to the trial court for further proceedings.

**Judgment Affirmed in Part,**
**Reversed in Part and**
**Cause Remanded**

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**