[Cite as *State v. Taylor*, 2019-Ohio-4719.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 13-19-21

      v.

TYRONE L. TAYLOR,                         O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 13-19-22

      v.

TYRONE L. TAYLOR,                         O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Seneca County Common Pleas Court
Trial Court Nos. 18 CR 0266 and 19 CR 0049

Judgment Affirmed in Case No. 13-19-21 and
Appeal Dismissed in Case No. 13-19-22

Date of Decision: November 18, 2019

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Stephanie J. Kizer* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Tyrone L. Taylor ("Taylor"), brings these appeals from the May 29, 2019, judgments of the Seneca County Common Pleas Court sentencing him to an aggregate nine-year prison term after Taylor pled guilty to Aggravated Burglary with a firearm specification in violation of R.C. 2911.11(A)(2), a felony of the first degree, Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), a felony of the third degree and Unauthorized Use of a Motor Vehicle in violation of R.C. 2913.03(A), a first degree misdemeanor. The Aggravated Burglary and Having Weapons While Under Disability convictions stemmed from trial court case 18CR0266, and the Unauthorized Use of a Motor Vehicle conviction stemmed from trial court case 19CR0049. The cases were consolidated for purposes of appeal. On appeal, Taylor argues that his nine-year prison term was not supported by the record.

*Background*

{¶2} On December 7, 2018, Taylor was indicted in trial court case 18CR0266 (corresponding to appellate number 13-19-21) for Aggravated Burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree and Having Weapons While Under Disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The Aggravated Burglary charge contained a firearm specification pursuant to R.C. 2941.145 alleging that Taylor had a firearm on or about his person or under his

control, and that he displayed, brandished, or used it to facilitate the offense. More specifically, it was alleged that on or about November 3, 2018, Taylor and multiple accomplices trespassed into an occupied structure and robbed a man at gunpoint of $400 and some marijuana. Taylor was the individual wielding the firearm. Taylor originally pled not guilty to the charges.

{¶3} On March 6, 2019, Taylor was indicted in trial court case 2019CR0049 (corresponding to appellate case number 13-19-22) for Grand Theft of a Motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. It was alleged that on or about June 22, 2018, Taylor, with purpose to deprive the owner of a 2001 Pontiac Sunfire, did knowingly obtain or exert control over the vehicle without consent of the owner or person authorized to give consent. Taylor originally pled not guilty to this charge as well.

{¶4} Pretrial hearings were held on both cases on March 14, 2019, and March 21, 2019. Trial was scheduled on case 18CR0266 for April 22, 2019, and trial for the newer indictment was set for June 24-25, 2019.

{¶5} On April 22, 2019, the day of the first scheduled trial, the parties informed the trial court that a plea agreement had been reached with respect to the 18CR0266 case. Taylor agreed to plead guilty to the charges as indicted, including accepting the firearm specification attached to the Aggravated Burglary charge. The parties further agreed to an open sentencing hearing to advocate their positions. The

trial court conducted a Crim.R. 11 colloquy with Taylor and determined that Taylor was entering his pleas knowingly, intelligently, and voluntarily. The trial court accepted the pleas and found him guilty of Aggravated Burglary and Having Weapons While Under Disability.

{¶6} On May 28, 2019, the 18CR0266 case proceeded to sentencing. However, at that time, the parties indicated that a negotiated plea agreement had been reached regarding the 19CR0049 case. Taylor agreed to plead guilty to the lesser-included offense of Unauthorized Use of a Motor Vehicle in violation of R.C. 2913.03(A), a first degree misdemeanor, and in exchange the parties would jointly recommend a jail term of 180 days, with 180 days credit for time served. The trial court conducted a Crim.R. 11 colloquy with Taylor and determined that his plea was knowing, voluntary, and intelligent, and then found him guilty of Unauthorized Use of a Motor Vehicle.

{¶7} Sentencing then proceeded on both cases. The trial court sentenced Taylor to six years in prison on the Aggravated Burglary conviction and three years in prison on the attached firearm specification. Those sentences were ordered to be served consecutively by operation of law. Taylor was sentenced to twenty-four months in prison on the Having Weapons While Under Disability charge, to run concurrent with the Aggravated Burglary. As to the Unauthorized Use of a Motor Vehicle in case 19CR0049, the trial court imposed the jointly recommended

sentence of 180 days with credit for time served, concurrent to the other charges. Judgment entries memorializing Taylor's sentences were filed May 29, 2019. It is from these judgments that Taylor appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**Because the record, as shown by clear and convincing evidence, does not support the trial court's findings under the relevant statutes, pursuant to R.C. 2953.08(G), the trial court's sentence of Appellant in case number 2018 CR 0266 was not supported by the record.**

*13-19-22*

{¶8} Initially we note that although Taylor filed an appeal from trial court case 19CR0049, which corresponds to appellate case 13-19-22, he does not actually make any argument challenging his 180 day jail sentence for Unauthorized Use of a Vehicle in that case. Rather, his assignment of error challenges his sentence in 2018CR0266, which corresponds to appellate case 13-19-21. As there are no issues raised regarding appeal 13-19-22, that appeal is dismissed.[1]

*13-19-21*

{¶9} In his assignment of error, Taylor argues that the record does not support the trial court's imposition of a six-year prison term for Aggravated Burglary in trial court case number 18CR0266.

---

[1] Notably, the sentence in trial court case 19CR0049 was jointly recommended by the parties and was imposed by the trial judge, thus it would not be subject to review under R.C. 2953.08(D)(1).

### Standard of Review

{¶10} Revised Code 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if it clearly and convincingly finds that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 10, citing *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

### Analysis

{¶11} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[].' " *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. Freeman*, 3d Dist. Union No. 14-18-16, 2019-Ohio-669, ¶ 11. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶12} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state of local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

{¶13} In the case *sub judice*, Taylor was convicted of Aggravated Burglary in violation of R.C. 2911.11(A)(2), a first degree felony. Revised Code 2929.14(A)(1)(b) states that the prison term for a first degree felony "shall be a definite prison term of three, four, five, six, seven, eight, nine, ten, or eleven years." Thus the trial court's sentence of six years was within the statutory range for a first degree felony. Nevertheless, Taylor argues that the sentence was clearly and convincingly contrary to law.

{¶14} More specifically, Taylor contends that he expressed genuine remorse, that he stated he was ready to take responsibility for his actions, that he admitted what he did was wrong, that he had the support of his family and community, and that he grew up without a father and was the protector of his brother and sister. He

also stated that he had a limited criminal history prior to these offenses. Taylor contends that these issues should have mitigated his conduct. He argues that because he had to serve a consecutive three-year prison term on the firearm specification by operation of law, a six-year prison term on the Aggravated Burglary conviction placed "his sentence effectively at the higher end of the 3-11 year sentencing range for a first-degree felony." (Appt.'s Br. at 8). Taylor contends that such a sentence was not warranted in this matter.

{¶15} In fashioning the sentence in this case, the trial court stated that it had considered the record, the oral statements made at sentencing, the presentence report, the principles and purposes of sentencing under R.C. 2929.11, and that it had balanced the seriousness and recidivism factors under 2929.12. The trial court's consideration of the applicable statutes was reiterated in the trial court's judgment entry. Given that the trial court stated it had considered the appropriate statutes and that the sentence was within the statutory range, we cannot find that the sentence is clearly and convincingly contrary to law.

{¶16} However, although no further findings were necessary, the record does contain statements to support more than a minimum sentence in this matter. The State noted that Taylor's two accomplices had each been sentenced to a seven-year prison term for their involvement in this matter and they were not even the individuals who "actually physically had the firearm" to the victim's head—that

was Taylor. (May 28, 2019, Tr. at 15). Moreover, the record showed that the burglary had been planned over multiple days, with messages being sent to the victim to make sure he would be home so that the burglars would not have to break-in. In addition, the victim was still suffering, having difficulty feeling safe in his own home.

{¶17} Furthermore, the record indicates that Taylor was out on bond for an armed robbery at the time of these offenses. While Taylor argues that he did not have a serious criminal history, he had multiple felonies and was only twenty years old at the time of these offenses. Finally, Taylor had a high ORAS score, indicating a high risk level of future recidivism.

{¶18} Based on the statements and evidence included in the record, we cannot find that the trial court's sentence was clearly and convincingly contrary to law. For all of these reasons, Taylor's assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons Taylor's assignment of error is overruled in case 13-19-21 and the judgment of the Seneca County Common Pleas Court is affirmed. Case number 13-19-22 is dismissed.

**13-19-21** *Judgment Affirmed*
**13-19-22** *Case Dismissed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**