[Cite as *State v. Kipker*, 2023-Ohio-679.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 8-22-19

      v.

TERRANCE M. KIPKER,               O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 8-22-20

      v.

TERRANCE M. KIPKER,               O P I N I O N

      DEFENDANT-APPELLANT.

---

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 8-22-21

      v.

TERRANCE M. KIPKER,               O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos.  CR21 06 0167, CR22 03 0075 and CR22 02 0055**

**Appeal Dismissed in 8-22-19 and**
**Judgments Affirmed in 8-22-20 and 8-22-21**

**Date of Decision:   March 6, 2023**

**APPEARANCES:**

   *William T. Cramer* **for Appellant**

   *Sarah J. Warren* **for Appellee**

**ZIMMERMAN, J.**

   **{¶1}** Defendant-appellant, Terrance M. Kipker ("Kipker"), appeals the judgment entries of sentencing of the Logan County Court of Common Pleas.  For the reasons set forth below, we dismiss in part and affirm in part.

   **{¶2}** On July 13, 2021, in case number CR21 06 0167 (hereinafter "2021 case"), Kipker was indicted by the Logan County Grand Jury on aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(c), a third-degree

felony, together with a specification for forfeiture of money in a drug case under R.C. 2941.1417(A).[1]  On July 19, 2021, Kipker entered a not-guilty plea.

{¶3} Then, Kipker was indicted on February 8, 2022, in case number CR22 02 0055, on four criminal charges including Counts One and Three for felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), both second-degree felonies and Counts Two and Four for domestic violence in violation of R.C. 2919.25(A), (D)(3), both fourth-degree felonies.[2]  On February 1, 2022, Kipker tendered not-guilty pleas to all counts in the indictment.

{¶4} Then, on March 8, 2022, Kipker was indicted by the Logan County Grand Jury, in case number CR22 03 0075, for one count of permitting drug abuse in violation of R.C. 2925.13(B), (C)(3)(a), a fifth-degree felony.[3]  On March 11, 2022, Kipker entered a plea of not guilty to the indictment.

{¶5} On March 29, 2022, pursuant to a negotiated-plea agreement, Kipker entered guilty pleas to the indictments in case numbers CR21 06 0167 and CR22 03 0075.  Further, the State dismissed Counts One, Two, and Three, in case number CR22 02 0055, and Kipker agreed to plead guilty to Count Four (i.e., domestic violence) as indicted.  Per the plea agreement, the State agreed to stand silent at

---

[1] The offense was alleged to have occurred on or about June 15, 2021.
[2] Count One was alleged to have occurred on or about August 1, 2020; Count Two on or about October 1, 2020 through October 31, 2020; and Counts Three and Four on or about January 11, 2022.
[3] The offense was alleged to have occurred on or about June 14, 2021.

sentencing. The trial court accepted Kipker's guilty pleas and continued his case for sentencing.

{¶6} On May 2, 2022, the trial court proceeded to sentencing on all three cases. The trial court sentenced Kipker to a 30-month prison term in case number CR21 06 0167. Next, the trial court sentenced Kipker, in case number CR22 02 0055, to a 12-month prison term to be served consecutively to the sentence imposed in case number CR21 06 0167. Then, the trial court sentenced Kipker to a six-month prison term, in case number CR22 03 0075, to be served consecutively to the prison terms imposed in case numbers CR21 06 0167 and CR22 02 0055, for a total aggregate prison term (in all cases) of 48 months.

{¶7} Kipker filed timely notices of appeal in his 2021 and 2022 cases, which we have consolidated. Kipker raises one assignment of error for our review.

### *Appeal 8-22-19*

{¶8} However, before we address the merits of Kipker's appeals, we note that Kipker (in his brief) does not present any arguments challenging the sentence imposed in his 2021 case. Rather, his assignment of error only challenges the consecutive sentences imposed in his 2022 cases, which were run consecutively to his 2021 case. Since there are no issues raised or error assigned below in appellate case number 8-22-19, that appeal is dismissed. *See State v. Taylor*, 3d Dist. Seneca Nos. 13-19-21 and 13-19-22, 2019-Ohio-4719, ¶ 8. Therefore, we will only

consider Kipker's assignment of error as it pertains to his cases in appellate case numbers 8-22-20 and 8-22-21.

*Appeals 8-22-20 and 8-22-21*

**Assignment of Error**

**By clear and convincing evidence, the record does not support the trial court's consecutive sentence findings under R.C. 2929.14(C)(4).**

{¶9} In his assignment of error, Kipker argues that the trial court erred by imposing consecutive sentences. In particular, Kipker argues that the trial court's determination in his 2022 cases is not supported by the record.

*Standard of Review*

{¶10} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶11} Because Kipker committed multiple felony offenses, the presumption is that his prison terms must be served concurrently and not consecutively. *See State v. Gwynne*, ___ Ohio St.3d ___, 2022-Ohio-4607, ¶ 10, citing R.C. 2929.41(A). R.C. 2929.41(A) provides in its pertinent part, "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). *See also Gwynne* at ¶ 10, citing *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, ¶ 10 ("[t]he first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions"); and *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, ¶ 21 ("[t]he general principle set forth in the Revised Code is that concurrent sentences are the default and consecutive sentences are the exception"). R.C. 2929.14(C) states in its pertinent part that:

> (4) * * * the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of

the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See also Gwynne* at ¶ 10, citing R.C. 2929.14(C)(4).

**{¶12}** R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id*. Further, the trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. However, a trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

**{¶13}** Here, at Kipker's sentencing hearing, the trial court found that "consecutive sentences are necessary to protect the public from future crime and to punish [Kipker]". (May 2, 2022 Tr. at 16). Further, the trial court found that "consecutive sentences are not disproportionate to the seriousness of [Kipker's] conduct and to the danger that [he] poses to the public." (*Id.*).

**{¶14}** Regarding the factors under R.C. 2929.14(C)(4)(a)-(c), the trial court found that "[Kipker] was awaiting trial in Case Number CR21-06-0167 at the time he committed the offenses of CR22-03-0075 and CR22-02-0055"; that "at least two of the multiple offenses were committed as a single course of conduct and the harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of [Kipker's] conduct"; and that "[Kipker's] history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by [Kipker]". (May 2, 2022 Tr. at 16-17). *See* R.C. 2929.14(C)(4)(a)-(c). Importantly, the trial court memorialized these findings in its sentencing entry by reciting the language of R.C. 2929.14(C)(4)(a)-(c). (*See* Case No. CR22 03 0075, Doc. No. 30). (*See also* Case No. CR22 02 0055, Doc. No. 38).

**{¶15}** Based upon our review of the record, we conclude that the trial court made the statutorily required findings before imposing consecutive sentences at

Kipker's sentencing hearing and incorporated those findings into its sentencing entry.

**{¶16}** Nevertheless, even though Kipker frames his argument as a consecutive-sentence challenge, he is truly attacking the trial court's consideration of the principles and purposes of felony sentencing under R.C. 2929.11 and R.C. 2929.12. Specifically, he argues the trial court should have addressed his substance-abuse-addiction issues, which he stated, "would be more useful to [Kipker] than a lengthy prison term". However, in *Gwynne*, the Supreme Court of Ohio "clarified that R.C. 2929.11 and R.C. 2929.12 do not apply to consecutive-sentencing review." *State v. Cochran*, 3d Dist. Marion No. 9-21-19, 2022-Ohio-885, ¶ 17, citing *State v. Hiles*, 3d Dist. Union No. 14-20-21, 2021-Ohio-1622, ¶ 18, citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 17. Consequently, we will not review Kipker's consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12. *Id.*

**{¶17}** Because Kipker has not presented any other argument challenging his consecutive sentences, we conclude that his consecutive sentences are not clearly and convincingly unsupported by the record or otherwise contrary to law. *Id.*

**{¶18}** Accordingly, Kipker's sole assignment of error is overruled.

**{¶19}** For the reasons stated above, we dismiss appellant's appeal related to appellate case number 8-22-19, and having found no error prejudicial to the

Case Nos. 8-22-19, 8-22-20 and 8-22-21

appellant herein in the particulars assigned and argued in appellate case numbers 8-22-20 and 8-22-21, affirm the judgments of the trial court in appellate case numbers 8-22-20 and 8-22-21.

***Appeal Dismissed in 8-22-19;***
***Judgments Affirmed in 8-22-20 and 8-22-21***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**