[Cite as *State v. White*, 2020-Ohio-717.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,            CASE NO. 9-19-32

      v.

DEANGELO T. WHITE,

                                  **O P I N I O N**

      DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 17 CR 389

Judgment Affirmed

Date of Decision:    March 2, 2020


APPEARANCES:

    *Mark M. Noland* **for Appellant**

**SHAW, P.J.**

{¶1} Defendant-appellant, Deangelo T. White[1] ("White"), brings this appeal from the April 24, 2019, judgment of the Marion County Common Pleas Court sentencing him to an aggregate fifty-four months in prison. On appeal, White argues that the trial court erred by imposing maximum consecutive prison terms despite the presence of mitigating factors.

*Background*

{¶2} On September 21, 2017, White was indicted for Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), a felony of the first degree, Trafficking in Heroin in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, Trafficking in a Counterfeit Controlled Substance in violation of R.C. 2925.37(B), a felony of the fifth degree, Possession of Criminal Tools in violation of R.C. 2923.24(A), a felony of the fifth degree, Corrupting Another with Drugs in violation of R.C. 2925.02(A)(3), a felony of the second degree, Trafficking in Heroin in violation of R.C. 2925.03(A)(2), a felony of the fifth degree, and Possession of Heroin in violation of R.C. 2925.11(A)(1), a felony of the fifth degree.[2] White originally pled not guilty to the charges.

---

[1] The trial court's judgment entry states White's name as "Deangelo AKA 'E' 'D-UP' 'Dustin Smith' T. White."

[2] The indictment also included a forfeiture specification claiming that $1,895.00 in currency was acquired through commission of an offense set forth in the indictment.

**{¶3}** On February 21, 2019, White entered into a written negotiated plea agreement wherein he agreed to plead guilty to Trafficking in Heroin in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, and the amended charge of *Attempted* Corrupting Another with Drugs in violation of R.C. 2923.02(A) and R.C. 2925.02(A)(3), a felony of the third degree. In exchange for the guilty pleas, the State, aside from reducing the Corrupting Another with Drugs charge to an "Attempt" crime, also agreed to dismiss the remaining charges against White. The written plea agreement was signed by White, his attorney, the prosecutor and the judge. (Doc. No. 33).

**{¶4}** A Criminal Rule 11 hearing was conducted wherein the trial court determined that White was entering knowing, voluntary, and intelligent pleas. A factual basis for the charges was read into the record, indicating that on July 19, 2016, a confidential informant made a heroin purchase from White within 1,000 feet of an elementary school constituting the Trafficking in Heroin charge, and that on January 10, 2017, an individual was involved in a vehicle crash after overdosing on drugs he purchased from White constituting the amended Attempted Corrupting Another with Drugs charge.

**{¶5}** On April 22, 2019, the matter proceeded to sentencing wherein White was ordered to serve a maximum eighteen months in prison on the Trafficking in Heroin charge and a maximum thirty-six month prison term on the Attempted

Corrupting Another with Drugs charge. Those prison terms were ordered to be served consecutively for an aggregate fifty-four month prison term. A judgment entry memorializing White's sentence was filed April 24, 2019. It is from this judgment that White appeals, asserting the following assignment of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it sentenced Appellant to the maximum amount of prison time in each case and ran the time consecutively.**

{¶6} In White's assignment of error, he argues that the trial court erred by ordering him to serve maximum, consecutive prison terms in this matter. Specifically, he contends that the record did not support the severity of the sentence.[3]

Standard of Review

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the

---

[3] We note that the State failed to file a brief in this matter, a practice that we *strongly* discourage. Pursuant to App.R. 18(C), "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Analysis

{¶8} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[].' " *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. Freeman*, 3d Dist. Union No. 14-18-16, 2019-Ohio-669, ¶ 12. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶9} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with

those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

{¶10} In the case *sub judice*, White was convicted of a third degree felony and a fourth degree felony. Pursuant to R.C. 2929.14(A)(3)(b), a prison term for a third degree felony violation such as the one in this case "shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Pursuant to R.C. 2929.14(A)(4), a prison term for a fourth degree felony "shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Here, the trial court sentenced White to a thirty-six month prison term on the third degree felony and an eighteen month prison term on the fourth degree felony. Both prison terms were thus within the appropriate statutory ranges.

{¶11} Moreover, in fashioning the sentence, the trial court indicated that it had considered the principles and purposes of sentencing, the relevant seriousness and recidivism factors and the specific facts of this case. In fact, the trial court's judgment entry specifically cited R.C. 2929.11 and R.C. 2929.12. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, citing *State v. Abrams*, 8th Dist.

Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} Despite the trial court's clear compliance with statutory authority, White contends that maximum sentences were not warranted in this matter. He contends that his only criminal history consisted of misdemeanors and that he had led a law-abiding life since his last drug sale in January of 2017. Contrary to White's claim, the trial court was concerned with White's pattern of drug sales, including a sale near a school, and the fact that one of his drug sales caused an overdose while an individual was driving, which could have resulted in death or serious harm. In addition, the trial court was aware that if White had proceeded to trial he was facing exposure to up to twenty years in prison for all of the charges. White had actually been charged with a first degree felony and a second degree felony, the latter of which was ultimately reduced. When reviewing the record, we cannot find that the trial court's order of maximum prison terms were clearly and convincingly contrary to law, particularly where the trial court stated it had considered the appropriate statutes.

{¶13} Next, White argues that the trial court erred in imposing consecutive sentences. "Except as provided in * * * [R.C. 2929.14(C)], * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state,

another state, or the United States." R.C. 2929.41(A). Revised Code 2929.14(C) provides:

> **(4)  If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4).

{¶14} "R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences." *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15, 12-16-16, 2017-Ohio-2920, ¶ 17, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11 and *State v. Peddicord*, 3d Dist.

Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *Id.*, citing *Hites* at ¶ 11 and *Peddicord* at ¶ 33.

{¶15} When imposing consecutive sentences, the trial court must make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶¶ 29, 37. In complying with this requirement, the trial court "has no obligation to state reasons to support its findings." *Id.* at ¶ 37. "[P]rovided that the necessary findings can be found in the record and are incorporated into the sentencing entry," a trial court need not recite a "talismanic incantation" of the language of R.C. 2929.14(C)(4) to properly impose consecutive sentences. *Id.*

{¶16} In this case, at the sentencing hearing the trial court ordered the prison terms to be served consecutively, finding that

> **consecutive sentences are necessary to punish the Defendant or to protect the public from future crime and that the sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger posed by the Defendant.**
>
> **The Court further finds that multiple offenses were committed as part of a course of conduct and the harm caused by the multiple offenses so committed was so great or unusual that no single prison term for either of the offenses committed as part**

**of the course of conduct adequately reflects the seriousness of the conduct.**

(April 22, 2019, Tr. at 10). The findings made at the sentencing hearing were reflected in the trial court's judgment entry.

{¶17} In this case the trial court's findings were facially compliant with R.C. 2929.14(C)(4)(b) and thus the record supports the imposition of consecutive sentences. *See State v. Starr*, 6th Dist. Lucas No. L-14-1194, 2015-Ohio-2914, ¶¶ 9-17; *State v. Bynum*, 3d Dist. Shelby No. 17-18-20, 2019-Ohio-3139. Nevertheless, although the trial court was not required to make further findings to support consecutive sentences beyond the statutory language in R.C. 2929.14(C)(4), White argues that the trial court's actual (C)(4) findings were not supported because he had no prior felonies[4], he had led a law-abiding life since his most recent charge in this case, he had obtained employment, and he had seven children who resided with him and depended on him.

{¶18} Again the trial court was concerned with the fact that the crimes White pled guilty to were committed nearly six months apart, that the first drug sale was in the vicinity of a school, and that the second sale resulted in an overdose and caused a vehicle crash. Given that there were two identifiable separate incidents in

---

[4] There was an extensive discussion at the sentencing hearing regarding White's potential criminal history in Michigan. White made claims that the crimes in Michigan were not committed by him, and the State was unable to verify that the felony crimes purportedly attributed to White in Michigan were, in fact, committed by him. Due to the confusion, the trial court indicated it would not consider any of the supposed Michigan criminal history in this matter.

this matter, both with aggravating factors, we cannot find that the trial court's sentence was clearly and convincingly contrary to law. Therefore, White's assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons White's assignment of error is overruled and the judgment of the Marion County Common Pleas Court is affirmed.

*Judgment Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**