[Cite as *State v. Thomas*, 2020-Ohio-4096.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 9-19-66

    v.

SETH THOMAS,                           O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 19-CR-263**

**Judgment Affirmed**

**Date of Decision: August 17, 2020**

---

APPEARANCES:

    *Caleb Carson, III* **for Appellant**

    *Nathan R. Heiser* **for Appellee**

Case No. 9-19-66

**SHAW, P.J.**

{¶1} Defendant-appellant, Seth Thomas ("Thomas"), appeals the September 24, 2019 judgment of the Marion County Court of Common Pleas, journalizing his conviction after pleading guilty to one count of third-degree felony abduction and sentencing him to a maximum prison term of thirty-six months. On appeal, Thomas assigns error to the trial court's imposition of the maximum sentence.

*Relevant Facts and Procedural History*

{¶2} On June 5, 2019, the Marion County Grand Jury returned a three-count indictment against Thomas alleging that he committed the offenses of Count 1: kidnapping, in violation of R.C. 2905.01(A)(1), a felony of the second degree, with a repeat violent offender and a firearm specification; Count 2: abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree, with a firearm specification; and Count 3: having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree.

{¶3} The charges arose from a wellness check conducted by law enforcement on the victim. During the wellness check, the victim informed the officers that Thomas was angry with her because he suspected she was working with law enforcement. The victim relayed to the officers that Thomas pointed one handgun at her head and another handgun at her stomach, and told her that she could not leave the house until he allowed her to do so. Thomas was later found in possession

of a handgun that matched the description of the firearm given by the victim. The record further reflects that Thomas was under disability from a prior conviction. Upon arraignment, Thomas entered a plea of not guilty to the charges.

{¶4} On August 20, 2019, pursuant to a negotiated plea agreement, Thomas withdrew his previously tendered not guilty plea and entered a plea of guilty to Count 2, abduction, a third-degree felony. In exchange for Thomas pleading guilty, the prosecution agreed to dismiss Count 1, second-degree felony kidnapping, with the repeat violent offender and firearm specifications, the firearm specification attached to the abduction charge in Count 2, and Count 3, third-degree felony having weapons while under disability.

{¶5} On September 23, 2019, Thomas appeared for sentencing. The trial court imposed a maximum prison term of thirty-six months. The sentencing entry was journalized the following day.

{¶6} It is from this judgment that Thomas now appeals, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE A MAXIMUM PRISON TERM.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT WHEN IT FAILED TO ADEQUATELY ADDRESS DEFENSE COUNSEL'S OBJECTION TO**

**INFORMATION ATTACHED TO THE PRESENTENCE INVESTIGATION REPORT.**

*First Assignment of Error*

{¶7} In his first assignment of error, Thomas argues that the trial court erred in imposing the maximum prison term upon him.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶9} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[ ].' " *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8. Nevertheless, when exercising its

sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶10} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

*Discussion*

{¶11} In the case *sub judice*, Thomas was convicted of a third degree felony. Pursuant to R.C. 2929.14(A)(3)(b), a prison term for a third degree felony violation such as the one in this case "shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." The trial court sentenced Thomas to a thirty-six month prison term on the third degree felony, which was within the appropriate statutory range.

{¶12} On appeal, Thomas argues that the trial court "predetermined the sentence it was going to impose because of the trial court's admonishment regarding the circumstances of [Thomas'] change of plea." (Appt. Brief at 3). In other words, Thomas asserts that the record does not support the sentence imposed by the trial court. Specifically, Thomas contends that trial court imposed the maximum prison term upon him because of its concerns with the prosecution's last minute plea offer, dismissing two of the three counts and the specifications listed in the indictment, rather than the trial court solely considering the facts presented in the record regarding his abduction conviction.

{¶13} In support, Thomas points to the following remarks made by the trial court at sentencing.

> **Trial Court: Well I will make just a few comments before I officially announce my sentence. I'd like to start out by kinda pointing out while we're on the record here in the Courtroom, we took your plea in chambers on the morning of trial when we had a courtroom full of jurors here. And so we had a Court Reporter there while we took a plea in chambers but not really open to the public to hear some of the comments that I made at the time that I accepted the plea. I'm going to just kind of, I guess, repeat a couple of the things, or maybe expand on a couple of things that we discussed at the time that we accepted the change of plea.**
>
> **The Court was not, as I'm sure everyone will recall, happy about the fact that on the morning of trial, a new and different offer to resolve this case was made other than the offers that in the—were made in the weeks and months leading up to the case. The Court certainly understands, based on the representations that were made to the Court, about some serious issues that the State had with regard to being able to locate and serve and secure the**

> **appearance of certain witnesses at trial and things like that. The Court also understands some arguments that were made by the— counsel for the Defendant with regard to legal issues that may apply, especially with regard to the Kidnapping count that was made part of the original indictment as pertaining to allegations that the victim in this case had her liberty restrained with purpose to hold her for ransom or as shield or hostage. The Court understands that there may have been some, I guess, evidentiary issues as pointed out by the State with regard to their ability to prove those allegations.**
>
> **So, you know, the Court is very, very concerned about the fact that there were some very serious charges and specifications that were dismissed at the time that the Defendant entered his plea, and the Court wants to make abundantly clear, for the record, that the [*sic*] I would never accept that sort of thing just as part of a plea bargain agreement, for lack of better description. That the Court went along with the plea agreement that was made in this case in which the other charges and specifications were dismissed in exchange for the Defendant's plea to the count of Abduction because representations to the court about witnesses having failed to appear and the State having been unable to secure the cooperation of witnesses that were required to go forward with those other counts.**
>
> **That having been said, I am limiting my consideration as to an appropriate sentence in this case to the single count to which the Defendant did enter a plea, which is still an extremely serious violent felony, the charge of Abduction to which the Defendant entered a plea.**

(Sept. 23, 2019 Sent. Hrg., at 11-12). Contrary to Thomas' view, we do not find

that these comments by the trial court demonstrate anything other than the trial

court's intentions to consider only the facts of his abduction conviction in imposing

a sentence.

{¶14} This notwithstanding, Thomas also argues that the trial court failed to appropriately consider the purposes and principles of felony sentencing because it did not specifically acknowledge on the record its consideration of an overriding purpose of felony sentencing under R.C. 2929.11(A), which is to promote the effective rehabilitation of the offender by using the minimum sanctions that the court determines can accomplish those purposes without imposing an unnecessary burden on state or local government resources. Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to "state on the record that it considered the statutory criteria or discuss them." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). Rather, a trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶15} Here, the trial court stated the following in its sentencing entry pronouncing Thomas' sentence: "The Court has carefully considered the record, the oral statements, and the presentence investigation report. The Court has also carefully considered the purposes and principles of sentencing in accordance with

R.C. 2929.11 and the appropriate seriousness and recidivism factors in accordance with 2929.12." (Doc. No. 60).

**{¶16}** Moreover, the sentencing transcript supports the trial court's decision to impose the maximum sentence in this case. The trial court noted that Thomas was on post-release control when he committed the abduction offense and that Thomas had a history of engaging in similar conduct by committing serious and violent felonies. Specifically, the record reveals that Thomas had previously been convicted of aggravated robbery, burglary, and abduction. Thomas also used firearms to commit some of these offenses. In addition, the presentence investigation report indicated that Thomas had not responded favorably to the sanctions imposed upon him in the past. The trial court further noted that Thomas showed no remorse to during the presentencing interview and instead blamed the victim, who the trial court found had suffered serious psychological harm as a result of Thomas' conduct.

**{¶17}** In sum, the record reflects that the trial court's sentence was within the permissible statutory range and the judgment entry of sentence indicates that the trial court properly considered the criteria found in R.C. 2929.11 and R.C. 2929.12. Since the record establishes that trial court considered all required sentencing statutes and that the sentence is supported by the record, we conclude the trial court

did not err in imposing the maximum sentence of thirty-six months in this case. Accordingly, we overrule Thomas' first assignment of error.

*Second Assignment of Error*

{¶18} In his second assignment of error, Thomas claims that the trial court erred when it failed to adequately address defense counsel's objection to information attached to the presentencing investigation report. Specifically, Thomas argues that the trial court failed to make findings under R.C. 2951.03(B)(5), which addresses the procedure for handling alleged inaccuracies in a presentencing investigation report and states as follows:

> **If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:**
>
> **(a) Make a finding as to the allegation;**
>
> **(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.**

R.C. 2951.03(B)(5).

{¶19} At the beginning of the sentencing hearing, defense counsel objected "to the inclusion of any correspondence between the Defendant and others that [was] included in jails emails" with the presentencing investigation report. (Sept.

23, 2019 Sent. Hrg., at 1). The trial court then made the following remarks on the record:

> **Trial court: And, I guess, the Court will just note for the record for what's it worth, there were some copies of jail emails that were attached to the Presentence Investigation Report that was provided to the Court. Those were made available to counsel for their review.**
>
> **I will just make clear, for the record, that the Court would not allow the content of any jail emails to affect the Court's decision with regards to the sentence to be imposed in this matter and any way shape or form.**

(Sept. 23, 2019 Sent. Hrg., at 2). Notably, no further mention was made of the emails by defense counsel or the trial court at the sentencing hearing.

{¶20} On appeal, Thomas claims that the trial court failed to adequately handle defense counsel's objection to the inclusion of the jail emails with the presentencing investigation report. However, Thomas fails to argue how R.C. 2951.03(B)(5) applies to these jail emails. There is no mention at the sentencing hearing regarding the content of these emails, let alone any alleged factual inaccuracy in the presentence investigation report, which R.C. 2951.03(B)(5) is intended to remedy.

{¶21} This notwithstanding, the trial court explicitly stated that it would not consider the email correspondences in imposing its sentence, which is in effect a determination under the statute "that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing

of the defendant." R.C. 2951.03(B)(5)(b). Accordingly, we find that any prejudice Thomas claims to have suffered based upon these emails is unsupported by the record and we overrule the second assignment of error on this basis.

{¶22} For all these reasons, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**