[Cite as *State v. Andres*, 2020-Ohio-4259.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 2-19-16

      v.

BRIAN J. ANDRES,                   O P I N I O N

      DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2019 CR 48**

**Judgment Affirmed**

**Date of Decision: August 31, 2020**

APPEARANCES:

    *Max Hersch* for Appellant

    *Edwin A. Pierce* for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant, Brian J. Andres ("Andres"), appeals the November 15, 2019 judgment of the Auglaize County Court of Common Pleas journalizing his conviction by guilty plea to two counts of third-degree felony gross sexual imposition and sentencing him to an aggregated term of nine years in prison. On appeal, Andres argues that the trial court's sentence is not supported by the record.

*Procedural History*

{¶2} On February 22, 2019, the Auglaize County Grand Jury returned a thirteen-count indictment against Andres alleging that he committed seven counts of third-degree felony gross sexual imposition in violation of R.C. 2907.05(A)(4), and six counts of first-degree felony rape in violation of R.C. 2907.02(A)(1)(b). The indictment further stated that the alleged victim in all thirteen counts was under thirteen years of age at the time the offenses were committed. Upon arraignment, Andres entered a plea of not guilty to each count.

{¶3} On September 12, 2019, pursuant to a negotiated plea agreement, Andres withdrew his previously tendered not guilty pleas to two third-degree felony gross sexual imposition counts and entered a plea of guilty to both counts. In exchange for Andres entering his guilty pleas, the prosecution agreed to dismiss the remaining eleven counts, including the six counts of first-degree felony rape. The

prosecution made a sentencing recommendation of forty-eight months on each count to be served consecutively for a total term of ninety-six months. The trial court accepted Andres' guilty pleas and dismissed the remaining eleven counts in the indictment.

{¶4} On November 15, 2019, Andres appeared for sentencing. The trial court imposed a prison term of four years on one count (Count Three) and five years on the other count (Count Five). The trial court further ordered the terms to be served consecutively for an aggregated total of nine years in prison. The trial court's sentence was journalized in its November 15, 2019 judgment entry.

{¶5} It is from this judgment entry that Andres now appeals asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**MR. ANDRES'S SENTENCES ARE NOT REASONABLY CALCULATED TO ACHIEVE THE STATUTORY PURPOSES OF FELONY SENTENCING.** *STATE v. MARCUM*, **146 OHIO ST. 3d 516. 2016-OHIO-1002, 59 N.E.3d 1231; R.C. 2953.08(G); PSI; 09/11/2019 PLEA CHANGE TR. AT 13-14; 11/15/2019 SENTENCING TR. AT 7-16.**

**ASSIGNMENT OF ERROR NO. 2**

**THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES.** *STATE v. BONNELL*, **140 OHIO ST.3d 209, 2014-OHIO-3177; 16 N.E.3d 659; R.C. 2929.14(C)(4); R.C. 2953.08(G); PSI; 09/11/2019**

**PLEA CHANGE TR. AT 13-14; 11/15/2019 SENTENCING TR. AT 9-16.[1]**

*First Assignment of Error*

{¶6} In his first assignment of error, Andres argues that the trial court's sentence is not supported by the record. Specifically, Andres claims that the trial court failed to properly consider the sentencing factors under R.C. 2929.12 when it imposed his sentence.

*Standard of Review*

{¶7} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶8} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8 . However, in exercising

---

[1] We note that originally Andres had asserted three assignments of error for our review on appeal. However, in his reply brief Andres withdrew his third assignment of error. Accordingly, we will only consider the remaining two assignments of error.

its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶9} Revised Code 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Revised Code 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} Revised Code 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense;

R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any.

*Discussion*

{¶11} At the outset, we note that Andres was convicted of two third-degree felony gross sexual imposition offenses. Pursuant to R.C. 2929.14(A)(3)(a), a prison term for third-degree felony violations such as the ones in this case "shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." Thus, the record reveals that the trial court sentenced Andres to prison terms within the appropriate statutory range for third-degree felony violations of R.C. 2907.05.

{¶12} On appeal, Andres argues that the trial court failed to properly consider the sentencing factors set forth in R.C. 2929.12. Specifically, Andres claims the trial court failed to give due consideration to sentencing factors indicating his lack of criminal history prior to committing these offenses and his relatively low likelihood of committing future crimes. In other words, Andres contends that the mitigating sentencing factors outweigh the aggravating factors and, therefore, the

trial court's imposition of consecutive sentences including a forty-eight month and a sixty month prison term is not supported by the record.

{¶13} Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to "state on the record that it considered the statutory criteria or discuss them." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). Rather, a trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶14} Moreover, despite Andres' contention on appeal, the trial court is not required to reduce a sentence simply because a defendant is not a seasoned criminal or a drug abuser. Rather, the trial court is merely required to consider those factors in arriving at its decision. *See State v. Barnhart*, 6th Dist. No. OT-10-032, 2011-Ohio-5685, ¶ 21 ("the premise of Barnhart's argument confuses the statutory mandate to *consider* any mitigating factor that might exist * * * with a concomitant obligation automatically to assign that factor the same qualitative weight as another factor the court deemed unfavorable") (emphasis sic).

{¶15} Here, the trial court stated the following in its sentencing entry pronouncing Thomas' sentence: "The Court has considered the record, oral statements, any Victims Impact Statement and Pre-sentence Report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code §2929.12." (Doc. No. 44).

{¶16} Moreover, we conclude that the record supports the trial court's sentence in this case. Specifically, the record reveals that Andres was a friend of the victim's family and lived in the same household with the victim the majority of her young life. At times, the victim and her sister would be left in Andres' care when her parents left the home. *See* R.C. 2929.12(B)(6). The victim was approximately seven or eight years old when Andres began touching her inappropriately by initially making contact with her vaginal and breast areas over her clothes. *See* R.C. 2929.12(B)(1). Eventually, Andres' inappropriate touching escalated to skin to skin contact with Andres' touching the victim's vaginal and breast areas underneath her clothes and instructing her not to tell anyone about his conduct. The victim stated that Andres' touching included kissing her breast area and touching her vaginal area with his hand, penis, and mouth. She recalled that "sometimes, it hurt" when Andres' digitally penetrated her. (Sent. Hrg. Nov. 15, 2019, ex. 1); *see* R.C. 2929.12(B)(1). The victim relayed that the sexual contact

occurred on a daily basis over the course of years and happened "too many times to count." (Id.).

{¶17} The victim also stated that Andres showed her his "privates" and encouraged her to touch his "privates." (Sent. Hrg. Nov. 15, 2019, ex. 1). She recalled Andres laying her down on his bed, laying on top of her, and attempting to put his "privates in her crotch." (Id.). The victim stated that this conduct also "sometimes" hurt her. (Id.). The victim further described "goo" coming out of Andres' "privates" when he touched her and that at times Andres gave her "stuff" to put on his "privates" before he had her rub them. (Id). She claimed the "stuff" was like lotion and the act made her feel very uncomfortable. The record further indicates that Andres showed no genuine remorse for the offenses, denied that he committed the offenses, and described the victim, who was eleven years old at the time of sentencing, as a liar. *See* R.C. 2929.12(D)(5).

{¶18} In sum, the record reflects that the trial court's sentence was within the permissible statutory range and the judgment entry of sentence indicates that the trial court properly considered the statutory factors in R.C. 2929.12 in imposing its sentence. Therefore, we conclude the trial court did not err in imposing its sentence in this case. Accordingly, we overrule Andres' first assignment of error.

*Second Assignment of Error*

**{¶19}** In his second assignment of error, Andres argues that the trial court's imposition of consecutive sentences is not supported by the record.

**{¶20}** In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 16, 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. Revised Code 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

> **(c)** **The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4)

**{¶21}** On appeal, Andres concedes that the necessary findings under R.C. 2929.14(C)(4) were made at sentencing and that the findings were included in the sentencing entry. He nonetheless argues that the record does not support the imposition of consecutive sentences. Andres reiterates arguments similar to ones he made under his first assignment of error pointing to his lack of criminal history and a low likelihood of recidivism.

**{¶22}** However, we find the same factual basis in the record previously discussed also supports the trial court's findings that consecutive sentences are warranted in this case. *See Bonnell*, *supra*, at ¶ 29 (holding that, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support findings, consecutive sentences should be upheld"). Thus, we conclude that the trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. Andres' second assignment of error is overruled.

**{¶23}** For all of these reasons, the assignments of error are overruled and the judgment is affirmed.

*Judgment Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**