[Cite as *State v. Haas*, 2021-Ohio-263.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  8-20-30

    v.

JOSEPH F. HAAS,                         O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 11 0342

Judgment Affirmed

Date of Decision:  February 1, 2021


APPEARANCES:

    *Lillian R. Soos* for Appellant

    *Sarah J. Warren* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Joseph F. Haas ("Haas"), appeals the June 2, 2020 judgment of the Logan County Court of Common Pleas, journalizing his conviction after pleading guilty to one count of fifth-degree felony attempted aggravated assault and sentencing him to a maximum prison term of 12 months. On appeal, Haas assigns error to the trial court's imposition of the maximum sentence.

*Relevant Facts and Procedural History*

{¶2} On November 13, 2019, the Logan County Grand Jury returned a seven-count indictment against Haas alleging that he committed the offenses of Count 1: robbery, in violation of R.C. 2911.02(A)(1), (B) a felony of the second degree; Count 2: felonious assault, in violation of R.C. 2903.11(A)(1), (D)(1)(a) a felony of the second degree; Count 3: abduction, in violation of R.C. 2905.02(A)(2), (C) a felony of the third degree; Count 4: abduction, in violation of R.C. 2905.02(B), (C) a felony of the third degree; Count 5: domestic violence, in violation of R.C. 2919.25(A), (D)(2) a misdemeanor of the first degree; Count 6: petty theft, in violation of R.C. 2913.02(A)(1) a misdemeanor of the first degree; and Count 7: domestic violence, in violation of R.C. 2919.25(A), (D)(2) a misdemeanor of the first degree.

{¶3} The charges arose from two separate incidents involving Haas and the victim, his then girlfriend. During both incidents, Haas was alleged to have beaten

the victim at her residence causing her serious physical harm and requiring her to seek medical attention. During the second incident, Haas demanded that the victim take off her rings and threatened her if she refused. The victim threw three of the four rings on the floor, and attempted to hide the fourth from Haas. Hass forcibly took the last ring from her, threatened to rape and kill her, and then fled the home through a window. Upon arraignment, Hass entered pleas of not guilty to the charges.

{¶4} On April 22, 2020, pursuant to a negotiated plea agreement, Haas withdrew his previously tendered not guilty pleas and entered a plea of guilty to an amended Count 2, attempted aggravated assault, a fifth-degree felony. In exchange for Haas pleading guilty, the prosecution agreed to request a dismissal of the remaining six counts listed in the indictment. The prosecution also agreed to remain silent at sentencing and not to pursue an additional charge against Haas for a violation of his postrelease control for committing the underlying offense in this case. The trial court conducted a Crim.R. 11 colloquy with Haas and accepted his guilty plea. The trial court also ordered the completion a presentence investigation report.

{¶5} On June 2, 2020, Haas appeared for sentencing. The trial court imposed a maximum prison term of 12 months. The sentencing entry was journalized the same day.

{¶6} It is from this judgment that Haas now appeals, asserting the following assignment of error.

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO THE MAXIMUM PRISON TERM AVAILABLE FOR A FIFTH DEGREE FELONY.**

*Assignment of Error*

{¶7} In his sole assignment of error, Haas argues that the trial court erred in imposing the maximum prison term upon him.

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶9} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[ ].' " *State*

*v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8.  Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶10} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).  In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

{¶11} Notably, the Supreme Court of Ohio has recently held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record

under R.C. 2929.11 and 2929.12." *See*, *State v. Jones*, -- Ohio St.3d -- , 2020-Ohio-6729, ¶ 39.

*Discussion*

{¶12} In the case *sub judice*, Haas was convicted of a fifth-degree felony. Pursuant to R.C. 2929.14(A)(5), a prison term for a fifth-degree felony violation such as the one in this case "shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced Haas to a 12 month prison term on the fifth-degree felony, which was within the appropriate statutory range.

{¶13} On appeal, Haas asserts that the record does not support the sentence imposed by the trial court. Specifically, Haas claims that the trial court "could have achieved the purposes of felony sentencing without imposing the maximum sentence." (Appt. Br. at 10). *See* R.C. 2929.11(A) (which promotes effective rehabilitation of the offender by using the minimum sanctions that the court determines can accomplish those purposes without imposing an unnecessary burden on state or local government resources).

{¶14} Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to "state on the record that it considered the statutory criteria or discuss them." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431

(4th Dist.1995). Rather, a trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶15} Here, the trial court stated the following in its sentencing entry pronouncing Haas' sentence: "The Court FINDS that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and 2929.12." (Doc. No. 47). Moreover, the sentencing transcript supports the trial court's decision to impose the maximum sentence in this case. Specifically, the trial court also stated the following regarding the sentencing factors at sentencing:

> **With respect to the seriousness factors set forth in Ohio Revised Code 2929.12(B) and (C), I find that the victim suffered serious physical injury that required her to obtain medical treatment in the emergency room for bruises to her face and injuries to her ribs, back, neck, and ear. I also find that the relationship with the victim facilitated the offense.**
>
> **With respect to the recidivism factors set forth in Ohio Revised Code 2929.12(D), I find that the defendant was on post-release control when this offense occurred, find the defendant has a history of criminal conduct that includes prior violent offenses against women, find that the defendant has failed to respond favorably in the past for sanctions imposed for criminal conviction [sic] and defendant shows little or no remorse for his actions.**

(Doc. No. 76 at 9).

{¶16} Notably, the record supports the trial court's observation of Haas' criminal history, which included convictions for felonious assault and domestic violence against past partners, as well as the trial court's description of the injuries sustained by the victim in this case. Moreover, the record also reveals that Haas was on postrelease control for one of these prior offenses when he committed the underlying offense.

{¶17} In sum, the record establishes that the trial court's sentence was within the permissible statutory range and the judgment entry of sentence indicates that the trial court properly considered the criteria found in R.C. 2929.11 and R.C. 2929.12. Since the record establishes that the trial court considered all required sentencing statutes and that the sentence is supported by the record, we conclude the trial court did not err in imposing the maximum prison sentence of 12 months in this case. Accordingly, we overrule Haas' assignment of error.

{¶18} For all these reasons the assignment of error is overrule and the judgment and sentence is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**