[Cite as *State v. Contreras*, 2021-Ohio-1356.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 9-20-18

    v.

JAMIE CONTRERAS,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2019 CR 0470

Judgment Affirmed

Date of Decision:   April 19, 2021

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Nathan R. Heiser* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Jamie Contreras ("Contreras"), appeals the May 13, 2020 judgment of the Marion County Court of Common Pleas, journalizing his conviction after pleading guilty to one count of first-degree felony grand theft of a firearm, and sentencing him to an aggregate indefinite prison term of 11 to 16 ½ years. On appeal, Contreras argues that the trial court failed to adequately consider the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12 when it imposed the maximum prison term.

*Relevant Facts and Procedural History*

{¶2} On November 6, 2019, the Marion County Grand Jury returned a twelve-count joint indictment against Contreras (and two other individuals) alleging that Contreras committed the offenses of Counts 1 through 9: grand theft of a firearm, in violation of R.C. 2913.02(A)(1), (B)(4), all felonies of the first degree; Count 10: breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; Count 11: theft, in violation of R.C. 2912.03(A)(1), a felony of the fourth degree; and Count 12: receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fourth degree. Upon arraignment, Contreras entered pleas of not guilty to the charges.

{¶3} The charges arose from a break in at Dunham's Sporting Goods in Marion, Ohio, which resulted in the theft of nine handguns from gun cabinets

located in the store. The video surveillance footage from the security cameras captured three individuals breaking into the back door with a crow bar to gain access to the building. Two of the individuals entered the store to commit the thefts, while the third individual remained outside as the "look out." On the video footage, one individual could be seen breaking into the gun cases. Law enforcement later determined that Contreras was one of the individuals who broke into the store and stole the handguns. Six of the nine handguns were recovered from a residence that Contreras shared with his girlfriend. The other three handguns were not recovered. The record suggests that Contreras and his co-defendants may have stolen the firearms to sell them.

{¶4} On April 21, 2020, Contreras withdrew his previously tendered pleas of not guilty and entered a guilty plea to Count 1, first-degree felony grand theft of a firearm. In exchange for Contreras's guilty plea, the prosecution agreed to dismiss the remaining eleven counts listed in the indictment. The prosecution also recommended a sentence of a 9 to 13 ½ year prison term. However, the trial court advised Contreras on the record that it was not bound by the prosecution's recommendation. The trial court then accepted Contreras's guilty plea and ordered a presentence investigation.

{¶5} On May 13, 2020, Contreras appeared for sentencing. The trial court conducted a lengthy discussion on the record regarding the purposes and principles

of felony sentencing and the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. The trial court then imposed a maximum prison term for the first-degree felony grand theft of a firearm offense of 11 to 16 ½ years.

{¶6} Contreras filed this appeal, asserting the following assignment of error.

**THE TRIAL COURT'S SENTENCING OF DEFENDANT-APPELLANT TO A MAXIMUM TERM OF IMPRISONMENT VIOLATED OHIO LAW AND THEREBY DENIED DEFENDANT OF HIS DUE PROCESS RIGHTS UNDER OHIO AND FEDERAL CONSTITUTIONAL LAW.**

{¶7} In his sole assignment of error, Contreras claims that his sentence is clearly and convincingly contrary to law because the trial court failed to adequately consider the purposes and principles of felony sentencing and failed to properly apply the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12.[1]

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' "

---

[1] Despite the wording of his assignment of error, Contreras makes no specific argument claiming that the imposition of the maximum prison term violated his due process rights under the Ohio and Federal Constitutions. Therefore, we may disregard any assignment of error that fails to present any citations to case law or other authority in support of its assertions. *See* App.R. 12(A)(2); App.R. 16(A)(7).

*Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

{¶9} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[ ]." *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶10} Revised Code section 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of

the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

*Discussion*

{¶11} In this case, Contreras was convicted of one count of grand theft of a firearm, in violation of R.C. 2913.02(A)(1), (B)(4), a felony of the first degree. Pursuant to R.C. 2929.14(A)(1)(a), the prison term for a first-degree felony offense "shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" Under R.C. 2929.144(B)(1), the maximum prison term for a qualifying felony of the first degree shall be equal to the "minimum term imposed * * * plus fifty per cent of that term."

{¶12} Here, the trial court imposed upon Contreras an indefinite prison term with a stated minimum of 11 years and a stated maximum of 16 ½ years for the qualifying felony of the first degree. This prison term is within the appropriate statutory range and is compliant with the relevant statutes, therefore it is presumptively valid. *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶13} The record clearly establishes the trial court analyzed the purposes and principles of felony sentencing and the sentencing factors set forth in R.C. 2929.11

and R.C. 2929.12 factors, both at the sentencing hearing and in its judgment entry of sentence.

{¶14} On appeal, Contreras simply disagrees with the trial court's application of these factors to the facts and circumstances of his case.

*Appellate Review of R.C. 2929.11 and R.C. 2929.12 Factors*

{¶15} The Supreme Court of Ohio recently clarified an appellate court's review of felony sentences under R.C. 2953.08(G)(2). *See*, *State v. Jones*, --- Ohio St.3d ---, 2020-Ohio-6729, ¶ 39. The Supreme Court ruled that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *See id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{**¶16**} The Supreme Court in *Jones* also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.* citing *State v. Brown*, 2d Dist. No. 2016-CA-53, 2017-Ohio-8416, ¶ 74; *see State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65 ("A sentence is 'contrary to law' if it falls outside the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant for a felony offense.").

{¶17} In sum, the record demonstrates that the prison term imposed by the trial court in this case is within the statutory range and that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12 when it imposed the maximum prison term upon Contreras. Thus, Contreras's sentence is *not* clearly and convincingly contrary to law, and it must therefore be affirmed. *See State v. Slife*, 3d Dist. Auglaize No. 2-20-17, 2021-Ohio-644, ¶ 17; *Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9, ("Under *Jones*, this ends the inquiry regarding the individual sentences. Thus, there is no basis upon which to modify or vacate either individual sentence."); *see also, D-Bey, supra*, ¶ 75, citing *Jones* at ¶ 39 (concluding that "this court cannot review D-Bey's sentences to determine whether they are 'excessive' or otherwise not 'supported by the record under R.C. 2929.11 and 2929.12.' "). On this basis, Contreras's sole assignment of error is overruled.

{¶18} Based on the foregoing, the assignment of error is overruled and the judgment and sentence of the Marion County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**